UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OUSMANE H. DIALLO,                                           :
                                                             :
                          Plaintiff,                         :
                                                             :
        -against-                                            :        **MEMORANDUM AND ORDER**
                                                             :
RUAN TRANSPORTATION CORP. and ERIC C.                        :            18-CV-1834 (KNF)
RAMIREZ,                                                     :
                                                             :
                          Defendants.                        :
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

This is a negligence action concerning injuries the plaintiff alleges he suffered when the

defendants' vehicle and a vehicle in which the plaintiff was a passenger came into contact, on or

about March 6, 2016,[1] in New York County.  Before the Court is a motion in limine by the

defendants "to (1) preclude the [p]laintiff from entering reports into evidence of two prior

Pennsylvania non-felony criminal convictions of [defendant Eric C.] Ramirez [("Ramirez")]

pursuant to Federal Rules of Evidence 401, 402, and 403; and (2) limit the plaintiff's ability to

elicit testimony or to offer extrinsic evidence concerning prior bad acts of Ramirez pursuant to

Federal Rules of Evidence 608 and 609."  The plaintiff opposes the motion.

According to the defendants, the plaintiff signaled, through the parties' proposed joint

pretrial order, his intention to use as trial exhibits four records of the Pennsylvania Northampton

County Court of Common Pleas: the "(1) Court summary of defendant Eric Carlos Ramirez with

regard to his alleged June 7, 2016 guilty plea for violation of Sentence for Section 18, 3921, A,

Theft by unlawful taking-movable property; (2) Certificate of conviction, Northampton County

Court of Common Pleas, of defendant Eric Carlos Ramirez with regard to his alleged June 7,

---

[1] The complaint references March 6, 2016; however, the parties' motion submissions
indicate that the event occurred on May 6, 2016.

2016 guilty plea for violation of Sentence for Section 18, 3921, A, Theft by unlawful taking-movable property[;] (3) Court summary of defendant Eric Carlos Ramirez with regard to his alleged October 2, 2014, . . . guilty disposition with respect to Harassment-subject other to physical contact in violation of court statute 18.2709.A1.[;] and 4) Certificate of conviction, Northampton County Court of Common Pleas, Court summary, of defendant Eric Carlos Ramirez with regard to his October 2, 2014, . . . guilty disposition with respect to Harassment-subject other to physical contact in violation of court statute 18.2709.A1." The defendants contend that the plaintiff should be precluded "from introducing evidence of or eliciting testimony concerning Ramirez's prior arrests, convictions or other bad acts" because "[s]uch evidence is irrelevant to the matter at issue and is otherwise inadmissible under the Federal Rules of Evidence."

According to the defendants, "[i]n the instant personal injury matter, the material facts at issue are whether the Defendants were negligent in the ownership and operation of the Ruan Tractor-trailer at the time of the alleged accident and whether the Plaintiff sustained a serious injury as a result of the alleged motor vehicle incident. Clearly, any evidence of Ramirez's arrest history or criminal convictions has no bearing on whether the Defendants were or were not negligent in this personal injury matter and is therefore wholly irrelevant and inadmissible under the standards set by *Fed. R. Evid.* 402." The defendants maintain that, were the Court to determine that the "alleged convictions were relevant, [and could be used to attack Ramirez's character for truthfulness pursuant to Fed. R. Evid. 609(a)(1),] this Court must exercise its broad discretion to exclude any such evidence under *Federal Rule of Evidence* 403 as its probative value is substantially outweighed by the clear danger of unfair prejudice to the Defendants." In addition, the defendants contend that questioning Ramirez about any arrests that did not result in

a criminal conviction, for the purpose of impeaching him, would contravene Fed. R. Evid. 609
(a)(2), which mandates the admission of evidence respecting a witness's conviction for a crime
the elements of which require the establishment of a dishonest act committed, or a false
statement made, by the witness.  According to the defendants, Ramirez's convictions for
"possession of stolen property" and harassment are not crimes involving deceit, untruthfulness,
or falsification; therefore, their use for impeachment purposes is not contemplated by Rule
609(a)(2) and, consequently, those crimes have no bearing on Ramirez's propensity to testify
truthfully and cannot be used to impeach him.  The defendants assert that, "given that none of
Ramirez's prior criminal convictions or his arrest records are relevant to the question of whether
Defendants Ruan and Ramrirez were negligent in the ownership and operation of the subject
vehicle, and no such conviction is admissible pursuant to Rule 609 for impeachment purposes,
the Plaintiff should be precluded from questioning Ramirez about such alleged convictions or
introducing extrinsic evidence of such convictions and any related arrests."

The plaintiff contends that Ramirez, while operating his vehicle, changed lanes and in
doing so struck the vehicle in which the plaintiff was a passenger as well as the vehicle of
another motorist.  According to the plaintiff, "Ramirez vehemently denies making an unsafe lane
change" and at "his deposition, gave various, contradictory and often incredulous testimony
concerning how the collision occurred."  Furthermore, although the plaintiff maintains that he
was a passenger in the vehicle his wife was operating on the day it was struck by the defendants'
vehicle, Ramirez testified that the plaintiff was operating the vehicle, thereby "accusing Mr. and
Mrs. Diallo of perjury with respect to who drove the vehicle."  In addition, Ramirez "denied
being aware of any alleged contact between [the defendants' vehicle] and any vehicle" on the
date of the event that gives rise to this action.  The plaintiff contends that these and other

statements made by Ramirez at his deposition make "the issue of Ramirez'[s] credibility . . .

plainly obvious."

The plaintiff contends that, "[c]ontrary to defendants' argument, Federal Rule of

Evidence . . . § 609 is applicable here and requires admission of at least the defendant's Theft

conviction" by his plea of guilty on June 7, 2016, to "Pennsylvania Title 18, Subchapter B,

Section 3921(a), Theft by unlawful taking, a misdemeanor in the second degree, punishable by

up to two years in jail."  The plaintiff notes that, at his deposition, Ramirez testified that he was

convicted for the misdemeanor "Receiving stolen property."  The plaintiff asserts that,

"[p]ursuant to FRE [Federal Rule of Evidence] 609(a)(1) evidence of a criminal conviction

**MUST** (emphasis added [by the plaintiff]) be admitted, for attacking a witness'[s] credibility

when the offense is, inter . . . alia, punishable by more than one (1) year imprisonment, subject to

FRE § 403, in a civil case."

The plaintiff contends that the "[d]efendants' argument that the criminal convictions for

theft and harassment are irrelevant in these circumstances is without merit."   According to the

plaintiff, Ramirez's credibility is "central to the [d]efendants' case with respect to both *liability*

*and damages*," and the defendants have "admitted this fact in Summary Judgment Papers filed

with the Court."  The plaintiff maintains that "allowing criminal convictions to be brought to the

jury's attention is generally permissible" in circumstances where credibility is an issue central to

the litigation and the resolution of the action will turn on whether the jury credits one party's

version of the events over the other party's version.  In the circumstance of this case, the plaintiff

asserts that several factors militate in favor of allowing the jury to learn of Ramirez's theft

conviction.  First, "a crime of theft involves moral turpitude and . . . thus bears directly on

credibility," and a crime of theft generally has greater impeachment value than a crime of

passion.  Second, owing to the fact that Ramirez's conviction occurred in 2016, it is not so

remote in time that it lacks probative value.  Third, the crime of theft has little to do with the

subject matter of this action: negligence in the operation of a motor vehicle; therefore, the risk

that Ramirez will be prejudiced, should the jurors learn of this conviction, is small.  Fourth, "the

stark difference in the parties' testimony respecting how the accident happened marks this as a

case that will be determined based solely on credibility.  Accordingly, any factor that bears on

that issue is highly relevant and, should be placed before the jury, so that the latter can fulfill its

duty to assess credibility when determining contested factual issues."

In reply, the defendants note that the plaintiff failed to address Ramirez's harassment

conviction in their opposition to the motion.  Therefore, according to the defendants, the only

"crime under consideration . . . is [Ramirez's] crime of receiving stolen property."  The

defendants maintain that Ramirez's "misdemeanor arrests, charges and convictions are not

relevant to any of the issues in this case and should be excluded on that basis alone. Fed. R.

Evid. 402."  In addition, the defendants assert that these matters "would be inflammatory and

unfairly prejudicial. Fed. R. Evid. 403" and, therefore, must be excluded from the jury.

Moreover, Ramirez's conviction cannot be used to impeach him, "since it constitutes

inadmissible character evidence pursuant to Fed. R. Evid. 608(b) and are [sic] not admissible

criminal convictions pursuant to Fed. R. Evid. 609." According to the defendants, the crime of

possessing stolen property has been found to be inadmissible under Fed. R. Evid. 609(a)(2),

because that Rule is limited to crimes involving untruthfulness, deceitfulness, or false

statements.

With respect to the issue of credibility at the trial, the defendants maintain that the only

relevant credibility issues pertain to the plaintiff and his wife and their "repeated untruths

concerning . . . [w]ho was driving the Diallo vehicle at the time of the accident . . . [w]hether

Diallo's wife was even in the car . . . [w]hy they were heading to New Jersey at the time of the

accident . . . [w]hy the plaintiff left the accident scene before speaking to the police . . .

[w]hether the plaintiff was working that evening . . . and, . . . [w]hether he worked immediately

following the accident, a mere six hours later[.]"  The defendants contend that Ramirez's

recollection of the incident is corroborated by Luan Kukaj ("Kukaj"), another motorist who was

present and witnessed the vehicular collision.  The defendants expect that Kukaj's corroborating

testimony will bolster Ramirez's credibility and undermine that of the plaintiff and his wife.  The

defendants urge the Court to grant their motion in limine.

### DISCUSSION

"The purpose of an in limine motion is to aid the trial process by enabling the Court to

rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are

definitely set for trial, without lengthy argument at, or interruption of, the trial."  Palmieri v.

Defaria, 88 F.3d 136, 141 (2d Cir. 1996)(internal quotation marks and citation omitted).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it

would be without the evidence; and (b) the fact is of consequence in determining the action."

Fed. R. Evid. 401.  Although relevant, evidence may be excluded if a court determines that "its

probative value is substantially outweighed by a danger of . . .: unfair prejudice, confusing the

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence."  Fed. R. Evid. 403.  "This determination is left to the sound discretion of the district

court."  U.S. v. Estrada, 430 F.3d 606, 621 (2d Cir. 2005).

"Evidence of a person's character or character trait is not admissible to prove that on a

particular occasion the person acted in accordance with the character or trait."  Fed. R. Evid.

404(a).  However, "[e]vidence of a witness's character may be admitted," in certain

circumstances, to attack or support a witness's credibility and reputation for possessing a

character for truthfulness or untruthfulness.  Fed. R. Evid. 404(a)(2)(A)(3); see also Fed. R.

Evid. 607; 608.  Among the ways in which a witness's character for truthfulness may be attacked

is "by evidence of a criminal conviction: (1) for a crime that, in the convicting jurisdiction, was

punishable by death or by imprisonment for more than one year, the evidence: (A) must be

admitted, subject to Rule 403, in a civil case . . . ; and (2) for any crime regardless of the

punishment, the evidence must be admitted if the court can readily determine that establishing

the elements of the crime required proving—or the witness's admitting—a dishonest act or false

statement."  Fed. R. Evid. 609 (a)(1) and (2).  Due to the mandatory nature of Rule 609(a)(2),

> allowing no leeway for consideration of mitigating circumstances, it was
> inevitable that Congress would define narrowly the words dishonesty or
> false statement, which, taken at their broadest, involve activities that are
> part of nearly all crimes.  Hence Congress emphasized that the second
> prong [of Rule 609(a)] was meant to refer to convictions peculiarly
> probative of credibility, such as those for "perjury or subornation of
> perjury, false statement, criminal fraud, embezzlement, or false pretense,
> or any other offense in the nature of crimen falsi,[6] the commission of
> which involves some element of deceit, untruthfulness, or falsification
> bearing on the accused's propensity to testify truthfully.
>
> U.S. v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) (internal quotation marks
> and citation omitted).

"While not *crimen falsi* that are automatically admissible under Rule 609(a)(2), theft crimes, and

other crimes involving stealth, nonetheless bear on a witness's propensity to testify truthfully."

Estrada, 430 F.3d at 621.

The defendants contend that the plaintiff did not, in his opposition to the instant motion,

address their argument that the plaintiff should be barred from offering documentary evidence

and testimony respecting Ramirez's harassment conviction.  Therefore, according to the

defendants, Ramirez's conviction for "receiving stolen property" is "the only crime under

consideration."  Similarly, the plaintiff did not address arguments the defendants made regarding

the use of evidence of Ramirez's bad acts, other than the criminal-conviction offenses discussed

above or evidence of arrests Ramirez may have garnered that did not result in criminal

convictions.  The motion record contains the Northampton County Court of Common Pleas

summary of Ramirez's June 7, 2016 guilty plea to "Theft by unlawful taking-movable property"

and the associated "Certificate of conviction" from that court.  The motion record also contains

the "October 2, 2014, . . . guilty disposition" form respecting the "Harassment-subject other to

physical contact" charge that Ramirez resolved in that same court.  These documents establish

that Ramirez was convicted for theft and harassment; he has no conviction for "receiving stolen

property" as alleged by the defendants.  The Court finds that, as a consequence of the plaintiff's

failure to address, in his memorandum of law, the defendants' arguments regarding the

preclusion of evidence respecting Ramirez's: 1) harassment conviction; 2) other bad acts; and 3)

arrests that did not result in convictions, the plaintiff has waived the ability to use such evidence

at the trial of this action.  See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998); First

Capital Asset Management, Inc. v. Brickellbush, Inc., 218 F.Supp.2d 369, 393 (S.D.N.Y. 2002).

Therefore, the only matter the Court must analyze in connection with the defendants' motion is

the admission of evidence concerning Ramirez's theft conviction.

The motion record establishes that Ramirez's 2016 misdemeanor theft conviction was

punishable by a term of imprisonment in excess of one year.  Therefore, pursuant to Fed. R.

Evid. 609(a)(1), at the trial of this civil action, evidence of that conviction "must be admitted,

subject to Rule 403," for the purpose of impeaching Ramirez by attacking his character for

truthfulness.  As noted above, Fed. R. Evid. 403 permits a court to exclude evidence when the

court determines that "its probative value is substantially outweighed by a danger of . . . : unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence."  A court must perform the Rule 403 analysis with respect to

the essential facts underlying the conviction and admit or exclude the evidence, rather than

merely determine whether a crime falls under Rule 609(a)(1) or (a)(2).  See Estrada, 430 F.3d at

621.  The parties have not provided the Court with evidence establishing the essential facts

underlying Ramirez's theft conviction; this limits the Court's Rule 403 analysis.

Based on the motion record, it appears that Ramirez's theft conviction has little to do

with the subject matter of this action: negligence in the operation of a motor vehicle.  Therefore,

the probative value of allowing evidence of the theft conviction to be admitted at the trial,

pursuant to Fed. R. Evid. 609(a)(1), is substantially outweighed by the danger that evidence of

the conviction will likely confuse the jurors and distract them from their principal responsibility:

determining whether the plaintiff can establish, to their satisfaction, the defendants' negligence

in the operation of their vehicle on the date of vehicular collision.

With respect to Fed. R. Evid. 609(a)(2), the Court is mindful that theft convictions are

not crimen falsi that may be admitted into evidence at a trial, automatically, under this Rule.

However, depending upon the essential facts underlying a theft conviction, evidence of that

conviction may be probative of a witness's propensity for truthfulness. This is so because the

essential facts underlying the conviction may show that the larcenous activity involved deceit,

dishonesty, or false statement.  See, e. g., U.S. v. Payton, 159 F.3d 49, 57 (2d Cir. 1998)(larceny

conviction based on false sworn statement made to receive food stamps unlawfully).  As noted

above, the motion record is devoid of evidence establishing the essential facts underlying

Ramirez's theft conviction.  Moreover, the elements of the relevant theft offense are unknown to

the Court.  Therefore, the Court cannot "readily determine that establishing the elements of the

crime require proving—or [Ramirez's] admitting—a dishonest act or false statement," a

determination the Court must make under the relevant provision of the Rule.  Fed. R. Evid.

609(a)(2).  Since the Court is unable to make the required determination, due to its lack of

information concerning the essential facts underlying the conviction, the Court will not admit

evidence of Ramirez's theft conviction at the trial of this action under Rule 609(a)(2) of the

Federal Rules of Evidence.

## CONCLUSION

For the reasons set forth above, the defendants' motion, Docket Entry No. 75, is granted.

Dated: New York, New York
       July 29, 2021

SO ORDERED:

_Kevin Nathaniel Fox_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE