UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OUSMANE H. DIALLO,                                       :

                      Plaintiff,                  :

           - against -                                   :     MEMORANDUM AND ORDER
                                                                                     18-CV-1834 (KNF)

RUAN TRANSPORTATION CORPORATION and
ERIC C. RAMIREZ,                                           :

                      Defendants.              :
------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      At the trial of this negligence action, which arose out of an automobile accident, the defendants want to elicit opinion evidence, as contemplated by Rules 702 and 703 of the Federal Rules of Evidence, from Howard Kiernan, M.D., a board-certified orthopaedic surgeon, Allan Rubenstein, M.D., who is board certified in psychiatry and neurology, and Jonathan S. Luchs, M.D., who is board certified in diagnostic radiology. To enable the Court to fulfill its gatekeeping obligation, see Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993), and determine, inter alia, whether the prospective physician witnesses should be allowed to give opinion evidence at the trial of this action, the defendants submitted to the Court: 1) a memorandum of law in support of allowing the physicians to provide opinion evidence at the trial; 2) two physicians' reports prepared after they reviewed the plaintiff's medical records and conducted physical examinations of him; 3) a physician's report prepared after he reviewed diagnostic images made of the plaintiff; and 4) each physician's curriculum vitae. See Docket Entry No. 94.

      The Court reviewed the defendants' submissions mindful of the "liberal standard of admissibility for expert opinions" embodied in Fed. R. Evid. 702 and the command of Fed. R. Evid. 403 that evidence be excluded from a proceeding if its probative value is substantially outweighed by the danger(s) of unfair prejudice, confusion of issues or misleading the jurors. Nimely v. City of

New York, 414 F.3d 381, 395-97 (2d Cir. 2005).  The Court also considered whether the proposed opinion evidence will assist the jurors in performing their fact-finding task.  Based on the Court's analysis of the defendants' submissions, the Court finds that: i) the methodologies the physicians employed, which include reviewing medical records and diagnostic images, performing physical examinations where warranted, and drawing upon professional training and experience, are reliable; ii) the physicians' opinions will be premised on sufficient facts and data; and 3) the opinions elicited from the physician witnesses will assist the jurors in understanding relevant medical-related issues that are beyond the ken of the typical juror and that will likely constitute a significant portion of the evidence presented at the trial. Therefore, the defendants may elicit opinion evidence, at the trial of this action, from the three physicians identified above.

Dated:  New York, New York                                          SO ORDERED:
         September 23, 2021

                                                                     KEVIN NATHANIEL FOX
                                                                     UNITED STATES MAGISTRATE JUDGE